UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS P. MCCOY, | ) |
| Petitioner, | ) |
| vs. | ) Case No: 4:14CV1192 HEA |
| TROY STEELE, | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on July 20, 2014. On September 25, 2014, Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 8]. Thereafter, on October 8, 2014, Petitioner filed his Traverse. Pursuant to Rule 8 of the Rules Governing Section 2254 cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons set forth below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## **Procedural Background**

On March 4, 2011, Petitioner was convicted by jury of Assault First Degree (class A felony), two counts of Armed Criminal Action, Assault First Degree (class

B felony).  The Twenty-Second Circuit Court  trial court, on April 22, 2011, sentenced him to concurrent terms of 20 years, 15 years, 15 years, and twelve years, imprisonment in the Missouri Department of Corrections.  The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions on June 12, 2012.  The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15, relative the case on July 26, 2012.  Thereafter, on February 27, 2013, the Missouri state trial court entered findings of fact and conclusions of law denying the post-conviction relief motion of Mr. McCoy.  Plaintiff/Movant filed his notice of appeal, on October 23, 2013, to the Missouri Court of Appeals.  On appeal Petitioner argued trial counsel was ineffective for failing to call McCoy to testify on his own behalf, failing to include a claim that the trial court erred in overruling McCoy's motion to quash the jury panel in his motion for a new trial, and withdrawing a request for mistrial. The Missouri Court of Appeals affirmed the trial court after applying the *Strickland* standard relating to claims of ineffective assistance of counsel and found all three claims failed to meet the two-part test. The appellate court also found that McCoy's second claim was not properly raised in his post-conviction proceedings and issued its mandate on April 15, 2014.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on July 20, 2014. Petitioner alleges that 1) trial counsel was ineffective for failing to call Petitioner to testify at his trial after he told his counsel he wished to do so; 2) counsel was ineffective for withdrawing his request for mistrial; 3) trial counsel was ineffective for failing to preserve for appellate review a claim that the trial court erred in overruling the motion to quash the jury panel; 4) the trial court plainly erred in submitting instruction 6 to the jury, because the instruction contained a fatal variance between count 1 as charged, count 1 as submitted to the jury, in that the charging document alleged Petitioner "shot at" the victim and the instruction required the jury to find Petitioner "actually shot" the victim.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003).

## Discussion

Petitioner was convicted of two counts of first-degree assault and two counts of armed criminal action, as the result of shootings in 2008, in St. Louis City. Notably, there were two trials in the Twenty-Second Circuit Court for the City of St. Louis. The first trial ended as a mistrial. The second trial commenced on the same day as the mistrial in the initial trial was declared. Petitioner was found guilty in the second trial and was duly sentenced. On appeal Petitioner asserted the trial court plainly erred in submitting the verdict director for Count I, the class A felony of first-degree assault, because it contained a "fatal variance" between Count I of the indictment and Count I of the verdict director. Since he failed to object at the trial, the Missouri Court of Appeals conducted plain error review of his claim, and affirmed his convictions and sentences.

He filed his post- conviction relief motion which was denied after a hearing on the allegations of the motion. This ruling was appealed and he argued trial counsel was ineffective for failing to call Petitioner to testify on his own behalf during the second trial, failing to include a claim that the trial court erred in overruling his motion to quash the jury panel in his motion for a new trial, and withdrawing a request for second mistrial. The Missouri Court of Appeals affirmed the denial of his motion for post-conviction relief. In applying the *Strickland* standard relating to claims of ineffective assistance of counsel the

Missouri Court of Appeals concluded all three claims failed to meet the *Strickland* two-part test. Additionally the appellate court found Petitioner did not properly raise his second claim in the post-conviction proceedings. Petitioner now asserts the same claims in this proceeding.

## Claims of Ineffective Assistance of Counsel

Petitioner's claims are governed by AEDPA and the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). He must therefore show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. *Id.* at 687. In considering whether this showing is met, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and this Court should evaluate counsel's performance at the time of his representation. *Id.*

Petitioner argued that his trial counsel was ineffective for failing to call him to testify at his second trial after he told his counsel he wished to do so, and his counsel was ineffective for withdrawing his request for mistrial for the second trial. The appellate court properly identified that the two-part test required by *Strickland,* and found he failed to demonstrate that his trial counsel's conduct was unreasonable.

A review of the appellate court ruling and analysis supports the conclusion that deference to the credibility determinations by the motion court was proper. The Missouri Court of Appeals found that the motion court's determination of the claim was supported by the record. The Court noted:

> Moreover, while Movant claims that he wanted to testify at the second trial, the record reflects that he was given ample opportunity to express this wish to the trial court, yet failed to do so. During a recess at the second trial, the trial court explained to Movant that if Dillingham was unavailable to testify, her prior defense testimony could be read to the jury. Movant acknowledged this option was available to the defense. At no time, however, did Movant indicate to the trial court that he wanted to testify.
>
> Further, at the sentencing hearing, when the trial court specifically asked Movant whether there were any witnesses that he wished counsel had called on his behalf, Movant did not indicate that counsel should have called Movant as a witness. The trial court also asked Movant if there was anything that counsel said or did during the trial with which Movant disagreed. Again, Movant raised no complaints regarding counsel's failure to call him as a witness.
>
> Even assuming *arguendo,* that Movant had been called to testify, he fails to show that the outcome of his jury trial would have been different. To satisfy *Strickland's* prejudice prong, the movant must show there is a reasonable probability that, but for counsel's alleged deficiencies, the result of the trial would have been different. *Johnson v. State,* 189 S.W.3d 640, 645 (Mo.App.W.D.2006). "[S]imply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead the [movant] must show that, absent the error, there is a reasonable probability that he would have been found not guilty." *Id.* Although Movant did not testify, the jury still heard arguments and testimony based on the same alibi defense presented at the first trial—that Movant could not have committed the shootings because he was living in another state when the crimes occurred. Thus, Movant was not deprived of the opportunity to present his alibi defense.

The Court ultimately concluded the motion court did not err in denying the claim. The Missouri Court of Appeals also denied his claim that counsel was ineffective for withdrawing his motion for mistrial after the second trial.

The determination of these issues by the state court was reasonable and entitled to deference under §2254(d). The record belies the assertions and arguments of the Petitioner.

There is no allegation or demonstration of how the decision of the Missouri Court of Appeals was a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

On appeal from the post-conviction motion hearing Petitioner also asserted trial counsel was ineffective for failing to preserve for appellate review a claim that the trial court erred in overruling his motion to quash the jury panel. The Missouri Court of Appeals held that his claim was not cognizable under Rule 29.15. The court held that to the extent Petitioner argued that his counsel's inaction affected his ability to appeal by neglecting to preserve the issue for review; the claim was not cognizable under Rule. 29.15. It was an alternative holding but it does not lift the procedural default. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) (noting

that a state court addresses the merits of a federal claim in an alternative holding, the adequate and independent state-ground doctrine will still preclude federal habeas review).

As to the instruction issue, the Missouri Court of Appeals only reviewed his claim of trial court error for plain error review under Mo. Sup. Ct. R. 30.20, thereby imposing the procedural default. In this instance, a habeas petitioner is not entitled to an independent determination by a federal habeas court after plain error review by a state court. *Hayes v. Lockhart,* 766 F.2d 1247, 1252–53 (8th Cir. 1985) (stating that because the burden of justifying federal habeas relief for state prisoners is greater than the plain error showing required on direct appeal, petitioner was not entitled to a determination by federal habeas court on whether the giving of a jury instruction was "plain error").

Petitioner fails to demonstrate that this Court's failure to consider this claim would result in the conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995)("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). He, likewise, fails to show that some objective factor external to the defense impeded his efforts to comply with state

procedural requirements. *Coleman*, 501 U.S. at 750-52. The facts were available to him at the time he could seek out remedies for deficiencies.

Upon careful review, the determination of the Missouri Appeals Court is reasonable and entitled to deference under §2254(d). Counsel was not ineffective in any regard as claimed. The Missouri Court of Appeals' resolution of the Petitioner's claims was not based on "an unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), cert. denied, 532 U.S. 935 (2001); *McDonald v. Bowersox*, 101 F.3d 588, 596 (8th Cir. 1996) (federal habeas corpus relief may not be granted unless the alleged trial error was "gross, conspicuously prejudicial or of such import that the trial was fatally infected") (citation and quotation marks omitted), cert. denied, 521 U.S. 1127 (1997); *Mack v. Caspari*, 92 F.3d 637, 641 (8th Cir.1996) (federal court may grant habeas corpus relief on a claim that has been rejected by a state court on plain-error review "only if manifest injustice resulted from the alleged errors") (quotation marks omitted), cert. denied, 520 U.S. 1109 (1997). See also *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir.2000) (regarding state criminal convictions, "[j]ury instructions involve questions of state law, and [a federal

habeas corpus petitioner] has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice").

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*,

297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 16th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE